# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

MARCUS MCFARLANE,

   CASE NO. 2:18-CV-1377
 Petitioner,   JUDGE ALGENON L. MARBLEY
   Chief Magistrate Judge Elizabeth P. Deavers

 v.

TIM SHOOP, WARDEN,
CHILLICOTHE CORRECTIONAL INSTITUTION,

 Respondent.

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The case has been referred to the Undersigned pursuant to 28 U.S.C. § 636(b) and Columbus General Order 14-1 regarding assignments and references to Magistrate Judges.

This matter is before the Court on its own motion under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4"). Pursuant to Rule 4, the Court conducts a preliminary review to determine whether "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief . . ." For the reasons that follow, the Undersigned concludes that such are the circumstances here and therefore **RECOMMENDS** that this action be **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).

**Facts and Procedural History**

Petitioner challenges his March 4, 2014, convictions pursuant to his guilty plea in the Franklin County Court of Common Pleas for felonious assault and aggravated robbery, with a firearm specification. Petitioner indicates that he did not know about and was not advised of his right to appeal, and therefore did not file a timely appeal. On August 3, 2017, the appellate court

denied his motion for a delayed appeal. On December 20, 2017, the Ohio Supreme Court declined to accept jurisdiction of the appeal. On September 20, 2017, Petitioner filed a Motion to Consolidate and Correct Sentence. *See Petition* (ECF No. 1, PAGEID # 3.) On September 27, 2017, the trial court denied that motion. On September 14, 2018, Petitioner filed this *pro se* habeas corpus petition. As his sole claim for relief, he asserts that he was denied his right to appeal, in violation of due process.

**Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* A District Court is permitted, but not obligated, to *sua sponte* address the timeliness of a federal habeas corpus petition, *Day v. McDonough*, 547 U.S. 198 (2006), and may do so when conducting

an initial review under Rule 4. *See Wogenstahl v. Charlotte*, No. 1:17-cv-298, 2017 WL 3053645, at *2 (S.D. Ohio July 19, 2017) (citing *McDonough*, 547 U.S. at 198).

Petitioner's judgment of conviction became final on April 14, 2014, when the time for filing a timely appeal of the trial court's March 4, 2014, judgment of conviction expired.[1] *See Board v. Bradshaw*, 805 F.3d 769, 772 (6th Cir. 2015); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 460 (6th Cir. 2012) (citing *Gonzalez v. Thaler*, 565 U.S. 134, 149-50 (2012); Ohio Appellate Rule 4(A)). The statute of limitations began to run on the following day, and expired one year later, April 15, 2015. Yet Petitioner waited approximately three years and five months, until September 14, 2018, to file this action. None of his state court actions tolled the running of the statute of limitations under the provision of § 2244(d)(2), because he filed them after the one-year statute of limitations had already expired. "The tolling provision does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003) (citing *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

Petitioner alleges that neither the trial court nor his defense counsel advised him of his right to appeal. Such an allegation may constitute grounds for equitable tolling. The AEDPA's limitations period is not jurisdictional and is subject to equitable tolling, although it is granted only sparingly in habeas cases. *Hall v. Warden, Lebannon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011). In order to establish equitable tolling, a petitioner must establish that (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance stood in his way and prevented him from filing in a timely fashion. *Holland v. Florida*, 560 U.S. 641, 649 (2010) (citing

---

[1] Petitioner had thirty days to file an appeal. Ohio Appellate Rule 4(A). However, since that day fell on a weekend, he had until the following Monday to file the appeal. Ohio Appellate Rule 14(A).

*Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The petitioner bears the burden of demonstrating that he is entitled to equitable tolling. *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011).

The Supreme Court has allowed equitable tolling where a claimant actively pursued judicial remedies by filing a timely, but defective, pleading or where he was induced or tricked by his opponent's misconduct into allowing the filing deadline to pass. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Where the party failed to exercise due diligence in preserving his legal rights, courts are much less forgiving. *Id.*; *Jurado v. Burt*, 337 F.3d 638, 642–13 (6th Cir. 2003). A prisoner's *pro* se incarcerated status, lack of knowledge regarding the law, and limited access to the prison's law library or to legal materials do not provide a sufficient justification to apply equitable tolling of the statute of limitations. *Hall*, 662 F.3d at 751 (citation omitted). These are conditions typical for many prisoners and do not rise to the level of exceptional circumstances. *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004). Similarly, bad advice from a fellow inmate or other non-lawyers does not constitute grounds for equitable tolling of the statute of limitations. *Allison v. Smith*, No. 2:14–cv–10423, 2014 WL 2217238, at *5 (E.D. Mich. May 29, 2014) (citing *Smith v. Beightler*, 49 F. App'x 579, 580–81 (6th Cir. 2002); *United States v. Cicero*, 14 F.3d 199, 204–05 (D.C. Cir. 2000); *Henderson v. Johnson*, 1 F.Supp.2d 650, 655 (N.D. Tex. 1998)). "Generally, a habeas petitioner's reliance on unreasonable or incorrect legal advice from his attorney is not a valid ground for equitable tolling of the statute of limitation." *Brown v. Bauman*, No. 2:10–cv–264, 2012 WL 1229397, at *9 (W.D. Mich. April 12, 2012) (citations omitted). "The fact that Petitioner may be ignorant of the law and instead chose to rely on counsel, in itself, does not provide a basis for equitable tolling. Neither a prisoner's *pro se* status nor his lack of knowledge of the law constitute[s] extraordinary circumstances justifying equitable tolling." *Taylor v. Palmer*, No. 2:14–cv–14107, 2014 WL 6669474, at *4 (E.D. Mich. Nov. 11, 2014) (citing

*Rodriguez v. Elo*, 195 F.Supp.2d 934, 936 (E.D. Mich. 2002); *Johnson v. United States*, 544 U.S. 295, 311 (2005) ("[W]e have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness")).

A state court's failure to inform a petitioner of his appellate rights does not in and of itself justify equitable tolling of the AEDPA statute of limitations. *See Patrick v. Bunting*, 1:15-cv-628, 2015 WL 10488878, at *9 (N.D. Ohio Dec. 29, 2015) (citing *Miller v. Cason*, 49 F. App'x 495, 497 (6th Cir. 2002)). "The Sixth Circuit in *Miller* noted that the state court's failure to notify the petitioner of his appellate rights 'may have interfered with [the petitioner's] direct appeal in state court. . . but [he] has failed to explain how the actions prevented him from filing his federal habeas petition.'" *Id*. (quoting *Miller,* 49 F. App'x at 497). Such are the circumstances here. Nothing prevented Petitioner from filing this action earlier.

In *DiCenzi v. Rose*, 452 F.3d 465 (6th Cir. 2006), the United States Court of Appeals for the Sixth Circuit held that, where a criminal defendant is not advised of and does not know of his right to appeal, claims relating to events that occurred at the time of sentencing may be timely under 28 U.S.C. § 2244(d)(1)(D) if the petitioner acted reasonably diligently in learning about his right to appeal:

> The proper task in a case such as this one is to determine when a duly diligent person in petitioner's circumstances would have discovered [his right to an appeal]. After that date, petitioner was entitled to further delay (whether in actually making the discovery, or in acting on a previously made discovery, or for any other reason whatsoever), so long as he filed his petition within one year of the date in which the discovery would have been made in the exercise of due diligence.

\* \* \* \*

> [T]he date on which the limitations clock began to tick is a fact-specific issue the resolution of which depends, among other things, on the details of [a defendant's]

> post-sentence conversation with his lawyer and on the conditions of his confinement in the period after [sentencing].
>
> *Wims*, 225 F.3d at 190–91 (citing *Easterwood v. Champion*, 213 F.3d 1321, 1323 (10th Cir. 2000) (taking into account "the realities of the prison system" in determining due diligence)).

*Id*. at 470–471 (citing *Wims v. United States*, 225 F.3d 186 (2nd Cir. 2000)). Further, the "petitioner bears the burden of proving that he exercised due diligence, in order for the statute of limitations to begin running from the date he discovered the factual predicate of his claim, pursuant to 28 U.S.C. § 2244(d)(1)(D)." *Id*. at 471 (citing *Lott v. Coyle*, 261 F.3d 594, 605–06 (6th Cir. 2001)). The Court also construes *DiCenzi v. Rose*, in conjunction with *Johnson v. United States*, 544 U.S. 295 (2005), which requires consideration of the petitioner's exercise of diligence. Thus, a petition will not be deemed timely where the petitioner fails to act with reasonable diligence. *See Neu v. Brunsman*, No. 2:09-cv-257, 2010 WL 5600902, at *4 (S.D. Ohio Oct. 12, 2010) (same) (citing Pierce v. Banks, No. 2:09-cv-00590, 2009 WL 2579202 (S.D. Ohio Aug. 20, 2009); *Korbel v. Jeffries*, No. 2:06-cv-625, 2008 WL 269626 (S.D. Ohio Jan. 29, 2008); *Ward v. Timmerman–Cooper*, No. 2:07-cv-41, 2008 WL 214411 (S.D. Ohio Jan. 23, 2008)). "Applying *DiCenzi* and *Johnson*, Petitioner must demonstrate either that he exercised due diligence in discovering the lack of notice of his right to appeal, the fact on which his conviction-based claims are predicated, or that he filed for habeas within one-year from the time a person exercising due diligence in Petitioner's position would have discovered that fact." *Lacking v. Jenkins*, No. 2:15-cv-3069, 2016 WL 4505765, at *5 (S.D. Ohio Aug. 29, 2016) (quoting *McIntosh v. Hudson*, 632 F. Supp. 2d 725, 734 (N.D. Ohio July 10, 2009) ("A person in Petitioner's position exercising due diligence would have acted much sooner, seeking out his rights and remedies rather than waiting [more than two and one half years after his conviction] for a law clerk...to '[notice] that [he] was never informed of his right to appeal[.]' ") Petitioner has failed to do so here.

The state appellate court found that Petitioner had been advised of his right to appeal and the time limits for filing an appeal. The appellate court's decision indicates in relevant part as follows:

> On June 13, 2017, appellant filed the present motion for leave to file delayed appeals. In the motion, appellant asserts the trial court and his trial counsel failed to notify him of his appellate rights following entry of the guilty pleas and sentences. Appellant further asserts that his trial counsel was unavailable following sentencing and did not respond to numerous questions and requests for assistance. Appellant states that he later discovered his trial counsel had been remanded to the Ohio Department of Rehabilitation and Correction and was serving a prison sentence.
>
> \*\*\*
>
> Although appellant effectively asserts that he was not aware of the right to appeal because neither the trial judge nor his trial counsel advised him of such right, the guilty plea forms appellant signed indicated he had limited time to appeal, stating "I understand that I can appeal as a matter of right from my plea and sentence within thirty days of the filing of my judgment of conviction." During the plea colloquy with the trial judge, appellant confirmed he had read the guilty plea forms and reviewed them with counsel. Thus, appellant was on notice of the right to appeal and the need for any appeal to be filed within 30 days after the judgment of conviction.
>
> Based on the foregoing, we find appellant has failed to provide a reasonable explanation for his failure to timely file notices of appeal.

*State v. Mcfarlane*, 10th Dist. Case Nos. 17AP-424, 425 (Ohio Ct. App. Aug. 3, 2017). These factual findings are presumed to be correct in these proceedings. 28 U.S.C. § 2254(e).

Moreover, lack of actual notice and "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing." *Fisher v. Johnson*, 174 F.3d 710, 714–15 (5th Cir. 1999); *see also United States v. Baker*, 197 F.3d 211, 218 (6th Cir. 1999); *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991). Petitioner waited approximately three years and three months after the imposition of sentence to file a motion for a delayed appeal, despite signing a guilty plea form indicating that he understood that he must appeal within thirty days. Petitioner does not

7

indicate what action he took, if any, during that time to learn about his right to appeal, and does not identify any factor that would have prevented him from earlier learning about the right to appeal. *See Baker v. Wilson*, No. 5:06-cv-1547, 2009 WL 313325, at *12 (N.D. Ohio Feb. 6, 2009) (concluding that petitioner failed to act diligently in waiting three years to learn about his right to appeal).

> Even those not versed in the law recognize the centuries-old maxim that "ignorance of the law is no excuse." This maxim, deeply embedded in our American legal tradition, reflects a presumption that citizens know the requirements of the law. The benefits of such a presumption are manifest. To allow an ignorance of the law excuse would encourage and reward indifference to the law. Further, the difficulty in proving a defendant's subjective knowledge of the law would hamper criminal prosecutions.

*United States v. Baker*, 197 F. 3d at 218. Petitioner waited more than one year and one month after the appellate court's denial of his motion for a delayed appeal to file this habeas corpus petition. He offers no explanation, or justification, for that delay.

**Recommended Disposition**

For the foregoing reasons, the Undersigned **RECOMMENDS** that this action be **DISMISSED** as barred by the one-year statute of limitations.

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in

part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985*); United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

                                            _s/ *Elizabeth A. Preston Deavers*
                                            Elizabeth A. Preston Deavers
                                            Chief United States Magistrate Judge