# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

MARCUS McFARLANE,

  Petitioner,

v.

TIM SHOOP, WARDEN,
CHILLICOTHE CORRECTIONAL
INSTITUTION,

  Respondent.

CASE NO. 2:18-CV-1377
JUDGE ALGENON L. MARBLEY
Chief Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

On December 4, 2018, the Magistrate Judge issued a *Report and Recommendation* pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts recommending that this action be dismissed as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d). (ECF No. 5.) Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. (ECF No. 8.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (ECF No. 8) is **OVERRULED**. The *Report and Recommendation* (ECF No. 5) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

The Court **DECLINES** to issue a certificate of appealability.

Petitioner objects to the recommendation of dismissal of this action as time-barred. He states that he could not timely appeal, because he did not know about, and neither the trial court nor his attorney advised him of his right to appeal. He argues that, under these circumstances, the statute of limitations did not begin to run until August 3, 2017, when the state appellate court denied his motion for a delayed appeal. Petitioner asserts that he was denied the right to counsel

on appeal, denied the effective assistance of counsel based on his attorney's failure to consult with him regarding the filing of an appeal, that his convictions involve allied offenses of similar import, and that the trial court improperly imposed the same restitution twice due to the State's improper failure to join offenses. According to the Petitioner, the dismissal of this action as time-barred would violate the Equal Protection Clause in view of other cases with differing results and ignores the exhaustion requirement. Petitioner maintains that he acted diligently in pursuing relief. He acknowledges that he signed a Plea Agreement indicating that he understood he had a right to appeal within thirty days, but complains that this information was "shrunken and buried" in 6-point "fine print" type face, and that it failed to advise him of his right to court-appointed counsel. Petitioner also states that the trial court erroneously informed him at sentence that he did not have the right to appeal, thereby preventing his timely appeal. *Objection* (ECF No. 8, PAGEID # 45.)[1] Petitioner argues that he had one year from the date that the Ohio Supreme Court declined to accept jurisdiction of his appeal, or until December 21, 2018, to file this action.

These arguments are not persuasive. As discussed by the Magistrate Judge, under the provision of 28 U.S.C. § 2244(d)(1)(A), Petitioner's judgment of conviction became final on April 14, 2014, when the time for filing a timely appeal expired. It began to run on the following day, and expired one year later, April 15, 2015. Petitioner waited approximately three years and five months, until September 14, 2018, to file this action. Under the provision of 28 U.S.C. § 2244(d)(1)(D), and *DiCenzi v. Rose*, 452 F.3d 465 (6th Cir. 2006), where a criminal defendant is not advised of and does not know about his right to appeal, claims relating to events that occurred at sentencing may be timely if the petitioner acted reasonably diligently in learning about his right to appeal. Here, however, the state appellate court found that Petitioner had been

---

[1] The transcript of Petitioner's sentencing hearing is not a part of the record before this Court.

advised of his right to appeal and the time limits for filing an appeal. *See State v. Mcfarlane*, 10th Dist. Case Nos. 17AP-424, 425 (Ohio Ct. App. Aug. 3, 2017). Petitioner has failed to rebut the presumption of correctness afforded to these factual findings. *See* 28 U.S.C. § 2254(e). The docket of the Franklin County Court of Common Pleas does not support his claim that the language in the Plea Agreement advising him of his right to appeal was hidden or unreadable. Further, Petitioner waited more than one year and one month after the appellate court's denial of his motion for a delayed appeal to file this action. He offers no explanation, or justification, for that delay, and he does not indicate the manner in which he learned about his right to appeal. He fails to identify any factor that would have prevented him from earlier learning about the right to appeal. He has failed to establish he acted diligently in pursuing relief or that equitable tolling of the statute of limitations should be applied. Under these circumstances, this action plainly is time-barred.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, —U.S. —. —, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were

'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

The Court is not persuaded that reasonable jurists would debate the dismissal of this action as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d). The Court therefore **DECLINES** to issue a certificate of appealability.

The Court certifies that the appeal would not be in good faith and that an application to proceed *in forma pauperis* on appeal should be **DENIED.**

The Clerk is **DIRECTED** to enter final **JUDGMENT**.

**IT IS SO ORDERED**.

                                                        s/Algenon L. Marbley
                                                        **ALGENON L. MARBLEY**
                                                        **UNITED STATES DISTRICT COURT**

**DATED: June 3, 2019**