# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

MARCUS McFARLANE,

    Petitioner,

  v.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,

    Respondent.

Case No. 2:18-cv-1377
JUDGE ALGENON L. MARBLEY
Chief Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

On June 3, 2019, Judgment was entered dismissing the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 as time-barred. (ECF No. 10.) Petitioner has filed a Motion for Reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (ECF No. 11-2.) For the reasons that follow, Petitioner's Motion for Reconsideration (ECF No. 11-2) is **DENIED**.

Petitioner argues that relief from final Judgment of dismissal is warranted based on the Supreme Court's decision in *Garza v. Idaho*, -- U.S. --, 139 S.Ct. 738 (2019) (holding that the presumption of prejudice recognized in *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), due to an attorney's failure to file an appeal applies even where the defendant has waived his right to appeal under the terms of his guilty plea), and because this Court improperly concluded that he had been notified of his right to file an appeal. Petitioner complains that the Plea Agreement contained inadequate notification of his right to file an appeal, failed to inform him of his right to court-appointed counsel on appeal, and did not serve to relieve the duty of trial counsel and the trial court to ensure that he understood his right to an appeal. Petitioner maintains that he had a potentially meritorious issue for appeal, based on the trial court's improper imposition of

restitution in the amount of $6,000.00, rather than $3,000.00. He also indicates that he waited more than a year and one month after the appellate court's denial of his motion for a delayed appeal before filing this habeas corpus petition in order to exhaust his claims by filing an appeal with the Ohio Supreme Court. The record, however, reflects no basis for relief.

Motions to alter or amend judgment under Rule 59(e) may be granted where there exists a clear error of law; newly discovered evidence; an intervening change in controlling law; or a need to prevent manifest injustice. *Clark v. United States*, 764 F.3d 653, 661 (6th Cir. 2014) (*citing Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010)).[1] "Relief under Rule 59(e), however, 'is an extraordinary remedy and should be granted sparingly because of the interests in finality and conservation of scarce judicial resources.'" *Carter v. Bradshaw*, No. 3:02CV00524, 2016 WL 1394059, at *1 (N.D. Ohio April 8, 2016) (citing *U.S. ex rel. Am. Textile Mfrs. Inst. Inc. v. The Limited, Inc.*, 179 F.R.D. 541, 547 (S.D. Ohio 1998); *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (noting that the "extraordinary circumstances" justifying the reopening of a final judgment "will rarely occur in the habeas context"). Additionally, "Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment." *Howard,* 533 F.3d at 475. Rule 59 "allows for reconsideration; it does not permit parties to effectively 're-argue a case." *Howard*, 533 F.3d at 475 (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)).

---

[1] The limitations on successive motions that apply to motions under Rule 60(b) of the Federal Rules of Civil Procedure do not apply to motions under Rule 59. *See Howard v. United States*, 533 F.3d 472 (6th Cir. 2008); *Gonzalez v. Crosby*, 545 U.S. 524 (2005). Regardless, a petitioner's challenge to the Court's application of the statute of limitations is not considered to be a successive or second habeas corpus petition subject to authorization for filing from the United States Court of Appeals for the Sixth Circuit under 28 U.S.C. § 2244(b)(3)(A). *See Hill v. Mitchell*, No. 1:98-cv-452, 2019 WL 1785485, at *5-6 (citing *Mitchell v. Rees*, 261 F. App'x 825, 829 (6th Cir. 2008)).

Here, the Supreme Court's decision in *Garza* does not assist the Petitioner. The issue before the Court does not involve whether the presumption of prejudice should apply based on the denial of the effective assistance of counsel, but whether this action is barred by the one-year statute of limitations set forth under 28 U.S.C. § 2244(d). Petitioner waited approximately three years and five months after the statute of limitations had expired to pursue federal habeas corpus relief. Further, as previously discussed, the record does not reflect that he acted diligently in pursuing relief. This Court has already rejected the arguments Petitioner presents to the contrary, and will not now again do so here.

The Motion for Reconsideration (ECF No. 11) is **DENIED.**

**IT IS SO ORDERED**.

s/Algenon L. Marbley
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT COURT**

**DATED: August 1, 2019**